IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLTEC INTERNATIONAL and HOLTEC MANUFACTURING DIVISION, INC., | |
| Plaintiffs, | Civil Action No. 17-397<br>Chief Magistrate Judge Maureen P. Kelly |
| v. | |
| PANDJIRIS, INC., ARC MACHINES, INC., and JOHN DOES 1-10, | Re: ECF Nos. 52 and 55 |
| Defendants. | |

## OPINION

**KELLY, Chief Magistrate Judge**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2017, Plaintiff Holtec International and Holtec Manufacturing Division, Inc. ("Holtec") initiated this civil action in the United States District Court for the District of New Jersey against Defendants Pandjiris, Inc. ("Pandjiris"), Arc Machines, Inc. ("AMI") and John Does 1-10, by the filing of a Civil Action Complaint. ECF No. 1. On April 4, 2017, an order was issued directing the transfer of this case to the United States District Court for the Western District of Pennsylvania. ECF No. 22.

On August 11, 2017, Holtec filed an Amended Complaint asserting three claims: Count I – breach of contract/quasi-contract/unjust enrichment/promissory estoppel against all Defendants; Count II – third party beneficiary against AMI; and Count III – U.C.C. against all Defendants. ECF No. 51. The claims asserted in the Amended Complaint arise from the sale by Pandjiris to Holtec of two welding manipulator systems. Pandjiris ordered certain equipment and/or component parts from AMI, a subcontractor. Id. ¶ 11. In January 2013, the manipulators

were shipped by Pandjiris and installed at Holtec's facility in Turtle Creek, Pennsylvania, under the supervision of and with the technical assistance of Pandjiris and AMI. Id. ¶ 16. Thereafter, Holtec alleges that it experienced continuous problems with the welding manipulators. Id. ¶ 17. Holtec further alleges that the machines never operated properly and ultimately had to be replaced. Id. ¶¶ 18-29.

Presently before the Court is Defendant Pandjiris, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint or, in the Alternative, to Stay. ECF No. 52. Pandjiris also filed a Memorandum in Support. ECF No. 53. Pandjiris asserts that the contract that Holtec relies upon to support their claims contains a binding arbitration provision that applies to all disputes relating to or arising out of the sale and purchase of the products at issue. As such, Pandjiris seeks to have this Court order that Holtec's claims fall under the parameters of the arbitration provision, and requests that the Court dismiss or stay all claims so that the parties arbitrate the claims in Ohio, the agreed forum, with the American Arbitration Association. Id. at 1.

In addition, Defendant AMI filed a Motion to Dismiss Plaintiffs' Amended Complaint and Memorandum of Law in Support. ECF Nos. 55 and 56. AMI argues that the Amended Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) because Holtec has failed to plead the requisite elements of its claims. ECF No. 55 at 1.

In response, Holtec filed an Omnibus Response in Opposition to Defendants' Second Motions to Dismiss and Memorandum of Law. ECF Nos. 60 and 61. The Court takes particular note that, in the Omnibus Response in Opposition, Holtec notifies the Court that it will stipulate that the arbitration provision the Pandjiris, Inc. Terms and Conditions of Sale (the "Terms and

Conditions") is controlling. As such, Holtec has respectfully requested that this federal action be stayed and that *all* claims be globally transferred to arbitration. ECF No. 61 at 4.

For the reasons that follow, Pandjiris' Motion to Dismiss and/or Stay will be granted and all claims between Holtec and Pandjiris are to be arbitrated in Ohio. As to AMI, it will not be compelled to arbitration. The instant federal action will be stayed pending conclusion of the arbitration between Holtec and Pandjiris in Ohio. As such, the AMI Motion to Dismiss is denied without prejudice to refile once the stay of this action is lifted.

## II. ARBITRATION PROVISION

As set forth in the Amended Complaint, between May and July 2012, Holtec and Pandjiris exchanged several communications regarding the terms of their agreement for the purchase of the two welding manipulator systems. ECF No. 51. Many of the communications became part of and were attached to the Holtec Purchase Order. ECF No. 51-1 at 1-5. Attached to the Purchase Order was the Pandjiris Terms and Conditions. Id. at 18 - 26. The Terms and Conditions of Sale set forth an explicit arbitration provision, as follows:

> **220. Agreement to Arbitrate** Customer agrees that all disputes between the Seller and customer (and their respective affiliates) relating in any way or arising in any way out of Seller's Quotation(s) and/or Purchaser's Purchase Order(s), whether pleaded in contract or tort, at law or in equity, and whether for damages or equitable relief, shall be settled by arbitration administered by the American Arbitration Association ("AAA") in accordance with the AAA's Commercial Arbitration Rules, except to the extent that such rules conflict with any express provision of this Agreement and judgment entered on an award by the arbitrator(s) may be entered by any court having jurisdiction thereof. Customer agrees that the location of any arbitration as provided for in this paragraph shall be conducted in Ohio, and Customer waives any right to contest or object to the location of the arbitration in Ohio. Any such arbitration shall be conducted by a panel of three (3) arbitrators. The costs of any arbitration shall be borne equally by the parties, unless a majority of the panel concludes that either party has acted in bad faith.

3

> The decision of the majority of the panel shall be final, conclusive and binding upon the parties to the maximum extent permitted by law.

Id. at 26.

## III. STANDARD OF REVIEW

"Because '[a]rbitration is a matter of contract between the parties,' a judicial mandate to arbitrate must be predicated upon the parties' consent." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013), *quoting* Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980). Thus, although the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, permits the enforcement of a contract to arbitrate, it requires that a court first satisfy itself that the making of the agreement to arbitrate is not in issue. Id., *citing* 9 U.S.C. § 4. In determining whether an agreement to arbitrate was actually reached, the United States Court of Appeals for the Third Circuit has found that the appropriate standard to be applied depends on the circumstances of the particular case. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d at 774-776. Specifically, the Court of Appeals held that:

> when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

Id. at 776.

4

## IV. DISCUSSION

### A. Pandjiris' Motion to Dismiss or Stay

Following the filing of the Motion Dismiss or Stay by Pandjiris, Holtec, as buyer of the two welding manipulator systems, and Pandjiris, as the seller, now agrees that the arbitration provision in the Pandjiris Terms and Conditions is controlling. ECF Nos. 52; 53 at 1; 60-2. As such, this Court finds that the claims in the Amended Complaint between these two parties are arbitrable. Therefore, the instant federal action will be stayed so that Holtec and Pandjiris will arbitrate the respective claims in arbitration in Ohio, pursuant to the Terms and Conditions agreed to by these two parties. Pandjiris is deemed to have withdrawn its Motion to Dismiss pursuant to Rule 12(b)(6) without prejudice to raise these arguments in the arbitration. ECF No. 63 at 2.

### B. AMI Motion to Dismiss

Although this Court has ruled that the claims between Holtec and Pandjiris must be addressed in arbitration, the remaining issue to be addressed is the arbitrability of the claims by Holtec against co-defendant AMI, the subcontractor to Pandjiris.

In the Motion to Dismiss filed by AMI, it seeks dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Holtec has failed to properly plead the requisite elements of its claims as they relate to AMI. ECF No. 55. Significantly, AMI points out that at no time did it enter into any contract with Holtec and, further, that Holtec does not allege in the Amended Complaint that any such contract exists with AMI. ECF No. 56 at 2. Nowhere in the Motion to Dismiss or accompanying Memorandum of Law in support does AMI address the issue of the arbitration provision. ECF Nos. 55 and 56.

5

Holtec, in its Omnibus Response to Defendants' Second Motion to Dismiss, after stipulating that the arbitration clause in the Pandjiris Terms and Conditions is controlling, argues that "for the purposes of judicial economy and in fairness to Plaintiffs" *all* claims should be stayed and globally transferred to arbitration. ECF No. 60-2 at 4. After recognizing that AMI does not consent to arbitration, Holtec argues that the law in the Third Circuit is that non-signatories should be required to arbitrate under the doctrine of equitable estoppel (*citing* White v. Sunoco, Inc., 870 F.3d 257 (3d Cir. Sept. 2017)). Holtec further argues that the state law of the Commonwealth of Pennsylvania, as the forum state, applies. As such, Holtec contends that the equitable estoppel rule in Pennsylvania is that non-signatories should be compelled to arbitration when "… there is an obvious and close nexus between non-signatories and contract or the contracting parties … [and if] claims against [the non-signatory] are inextricably entwined with the Contract." Elwyn v. DeLuca, 48 A.3d 457, 463 (Pa. Super. Ct. 2012). ECF No. 60-2 at 4-5.

As to the arbitrability of the claims against AMI, Pandjiris argues generally that the instant lawsuit is a violation of the arbitration provision of the Terms and Conditions agreed to by Pandjiris and Holtec. As such, Pandjiris requests that this Court dismiss or stay *all* of the claims so that the parties can go to arbitration. ECF No. 53 at 1.

In AMI's Reply Memorandum of Law in Support of Motion to Dismiss, it argues that it cannot be forced to arbitrate under a contract that it did not agree to and that the theory of equitable estoppel does not apply. ECF No. 62. First, AMI asserts that the "inextricably entwined" equitable estoppel doctrine relied upon by Holtec is inapplicable. Specifically, AMI contends that the line of cases cited by Holtec only apply when a non-signatory to an arbitration

6

agreement seeks to compel arbitration against a signatory. Id. at 2. Here, AMI notes that a signatory (Holtec) is trying to compel arbitration by a non-signatory (AMI). Second, AMI asserts that it should not be compelled to arbitrate pursuant to the applicable equitable estoppel rule. It argues that, where, as here, a signatory seeks to enforce an arbitration clause against a non-signatory, the inquiry is whether AMI "knowingly exploited" the agreement between Pandjiris and Holtec by (1) knowingly seeing and obtaining direct benefits from that agreement or (2) seeking to enforce terms of that contract or asserting claims based on the contract's other provisions. Id. at 2-3. AMI contends that neither requirement has been met in this case. Finally, AMI also notes that Holtec does not allege in the Amended Complaint that AMI received any payment or benefit directly from Holtec pursuant Holtec's contract with Pandjiris. Id. at 3.

In the instant case, it is not disputed that the agreement between Holtec and Pandjiris contained an arbitration provision expressly requiring the customer (Holtec) and seller (Pandjiris) to arbitrate "all disputes" between them related in any way or arising in any way out of the Pandjiris Quotations and/or Holtec's Purchase Orders. ECF No. 51-1 at 26. What is disputed, as set forth above, is whether Holtec's claims against AMI, the subcontractor to Pandjiris, must be arbitrated.

As recognized by the United States Court of Appeals for the Third Circuit,

> The presumption in favor of arbitration does not extend, however, to non-signatories to an agreement; it applies only when both parties have consented to and are bound by the arbitration clause. *See United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ("[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."); *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.,* 181 F.3d 435, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so."). Still, a non-signatory may be bound by an

> arbitration agreement if "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract." *Arthur Andersen, LLP v. Carlisle*, 556 U.S. 624, 631, 129 S. Ct. 1896, 173 L.Ed.2d 832 (2009); *see also DuPont*, 269 F.3d at 194 (a nonsignatory may be bound to an arbitration agreement if "under traditional principles of contract …[the party is] akin to a signatory of the underlying agreement")(internal quotation marks and citations omitted).

Griswold v. Coventry First LLC, 762 F.3d 264, 271 (3d Cir. 2014).

Holtec seeks to compel AMI to arbitrate under the doctrine of equitable estoppel. Pennsylvania law allows non-signatories to be bound by an arbitration agreement in certain circumstances. Dodds v. Pulte Home Corp., 909 A.2d 348, 351 (Pa. Super. Ct. 2006) (holding that non-signatories to a contract may be compelled to arbitrate "when there is an obvious and close nexus between the non-signatories and the contract or the contracting parties"). Apparently relying on Dodds, Holtec argues that its claims against Pandjiris and AMI entirely overlap, that there is an "obvious and close nexus" between these parties and that they are "inextricably entwined." ECF No. 60-2 at 5.

Estoppel "can bind a non-signatory to an arbitration agreement when that non-signatory has reaped the benefits of a contract containing an arbitration clause." Invista S.A.R.L. v. Rhodia, S.A., 625 F. 3d 75, 85 (3d Cir. 2010). AMI correctly points out that Holtec "does not allege in the Amended Complaint that AMI received any payment or direct benefit from Holtec pursuant to Holtec's contract with Pandjiris." ECF No. 62 at 3. AMI notes that the only reference in the Amended Complaint to any payment from Holtec to AMI is a cursory allegation that "Holtec also directly paid AMI approximately $27,000 for equipment and services," without any indication that such payment was pursuant to Holtec's agreement with Pandjiris. Id.

8

In E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber and Resins Intermediates, S.A.S., the Court of Appeals for the Third Circuit outlined the two theories under which equitable estoppel may apply.

> First, courts have held that non-signatories to an arbitration clause when the non-signatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement...
>
> Second, courts have bound a signatory to arbitrate with a non-signatory "at the nonsignatory's insistence because of a 'close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non[-]signatory's obligations and duties in the contract ... and [the fact that] the claims were intimately founded in and intertwined with the underlying contract obligations.'"

269 F.3d 187, 199 (3d Cir. 2001).

Under the first theory, courts prevent a non-signatory from embracing a contract, and then turning its back on portions of the contract, such as an arbitration clause that it finds distasteful. Id. at 200. In the instant case, the first theory does not apply because there is no allegation by Pandjiris or Holtec that AMI knowingly exploited the contract between Pandjiris and Holtec, or that AMI embraced the agreement between the other two companies.

As to the second theory of equitable estoppel, this theory does not apply because the present case involves signatories (Pandjiris and Holtec) seeking to bind a non-signatory (AMI) to the arbitration provision, rather than the opposite.

Based on this Court's thorough review, Pandjiris and Holtec have failed to establish either theory of equitable estoppel so as to compel AMI to be bound by or subject to the arbitration provision agreed to by Pandjiris and Holtec. As such, without a contractual basis or

9

applicable principle of equitable estoppel requiring the enforcement of the arbitration provision as to AMI, this Court cannot compel Holtec's claims against AMI to arbitration.

## V. CONCLUSION

For the foregoing reasons, Defendant Pandjiris' Motion to Stay is granted as to Holtec. Holtec and Pandjiris are directed to conduct an arbitration of the claims raised in the Amended Complaint, as per the arbitration provision referenced herein. Defendant Pandjiris' Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6) is deemed withdrawn without prejudice to raise in the arbitration.

As to Defendant AMI, the request of Pandjiris and Holtec to globally transfer *all* claims to arbitration is denied because there is no contractual or legal basis to order Holtec's claims against AMI to arbitration. In the interests of judicial economy, the instant action as to the claims against AMI will be stayed pending conclusion of the arbitration. Thereafter, Holtec or AMI may move to lift the stay as to the Holtec claims against AMI. As such, AMI's Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6) is denied without prejudice to refile after the arbitration between Holtec and Pandjiris is concluded and the stay lifted.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: November 3, 2017

cc:   All counsel of record by Notice of Electronic Filing

10