IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLTEC INTERNATIONAL and HOLTEC MANUFACTURING DIVISION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PANDJIRIS, INC., ARC MACHINES, INC., and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. 17-397 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 70 |

## MEMORANDUM ORDER

Presently before the Court is "Plaintiff's Motion to Lift Stay as to Plaintiffs' Claims Against Defendant, ARC Machines, Inc.," ("AMI"), filed on behalf of Plaintiff Holtec International and Holtec Manufactuing Division, Inc., (collectively, "Holtec"). ECF No. 70. On November 3, 2017, the Court stayed this action pending resolution of an arbitration of Holtecs' claims against Pandjiris, Inc., in accordance with the terms of the purchase agreement for the equipment giving rise to Holtecs' claims. ECF No. 68. Arbitration is now complete, and Holtec seeks to lift the stay as to its remaining claims against AMI.

AMI opposes the motion to lift the stay on the basis of collateral estoppel, and argues that the final arbitration award resolved all claims regarding breach of contract and express or implied warranties arising out of allegedly defective materials or workmanship in the subject equipment.[1]

---

[1] In general, collateral estoppel applies under Pennsylvania law if:

    (1) The issue decided in the prior case is identical to the one presented in the later action;
    (2) There was a final adjudication on the merits;
    (3) The party against whom the plea is asserted was a party or in privity with a party in the prior case;
    (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and

1

ECF Nos. 72 and 81. Holtec responds that the arbitration award is not so broad and that it was precluded from obtaining or presenting certain evidence because AMI was not a party to the proceeding. ECF Nos. 75 and 78.

As indicated in this Court's Order dated November 3, 2017, claims against AMI were stayed pending the conclusion of the arbitration. "Thereafter, Holtec or AMI may move to lift the stay ... AMI's [then pending] Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6) is denied without prejudice to refile after the arbitration between Holtec and Pandjiris is concluded and the stay lifted." ECF No. 68 at 10. The pending motion is in accordance with this Court's Order. Further, issues regarding the application of collateral estoppel may be determined in a Motion to Dismiss if, and only if, the grounds appear on the face of the complaint. If not, the issue is appropriately resolved through summary judgment. See, e.g., Hause v. City of Sunbury, No. 17-2234, 2019 WL 1493178 *5 (M.D. Pa. Mar. 31, 2019) (citing Brody v. Hankin, 145 F. App'x 768 (ed Cir. 2005) (district court exceeded its mandate when it relied on facts from documents related to an arbitration proceeding in granting a motion to dismiss). The present motion fails to appropriately address these procedural issues, taking into account Holtecs' assertion that discovery regarding its claims against AMI was deemed outside the scope of the Pandjiris arbitration and thus issues were not fairly and fully litigated. ECF No. 78.

Accordingly, this 12th day of September, 2019, IT IS HEREBY ORDERED that Plaintiffs' Motion to Lift the Stay as to Plaintiffs' Claims Against Defendant, ARC Machines, Inc., ECF No. 70, is GRANTED.

---

(5) The determination in the prior proceeding was essential to the judgment.

Metro. Edison Co. v. Pennsylvania Pub. Util. Comm'n, 767 F.3d 335, 351 (3d Cir.2014) (citing Office of Disciplinary Counsel v. Kiesewetter, 585 Pa. 477, 889 A.2d 47, 50–51 (2005)).

2

IT IS FURTHER ORDERED that Defendant ARC Machines, Inc. shall file a response to Plaintiff's Complaint on or before September 30, 2019.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF