**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HOLTEC INTERNATIONAL and HOLTEC MANUFACTURING DIVISION, INC., | ) ) ) | Civil Action No. 17-397 |
| Plaintiffs, | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| v. | ) | Re: ECF No. 140 |
| | ) | |
| PANDJIRIS, INC., ARC MACHINES, INC., and JOHN DOES 1-10, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Plaintiffs Holtec International and Holtec Manufacturing Division, Inc. ("Holtec") have filed a Motion for Leave to File Plaintiffs' Third Amended Complaint.  ECF No. 140. Holtec states that the amendment is necessary to present negligence and engineering malpractice claims against identified individual engineers employed by ARC Machines, Inc. ("AMI"), and contends that these claims were properly raised against John Doe Defendants in Holtec's prior pleadings.  Id. at 2.

AMI opposes the motion to amend as unduly delayed, futile, and otherwise barred by the applicable statute of limitations. ECF No. 147.   For the following reasons, the Court is constrained to agree that the proposed amendment is futile and, therefore, the Motion for Leave to File a Third Amended Complaint is denied.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

The following facts are derived from the pleadings to date and, at this stage of the litigation, are construed in a light most favorable to Holtec.

Holtec is a global supplier of equipment and systems for the energy industry with a manufacturing facility in Pennsylvania. In 2012, Holtec contracted with officials at the Chernobyl

nuclear facility to manufacture and supply double-walled canisters for nuclear fuel storage. Holtec's contract required specific welding processes requiring the purchase of a new welding system. Holtec entered into a contract with Pandjiris, Inc. ("Pandjiris") for the system at a cost of $709,260. Pandjiris incorporated two Hot Wire TIG Welding Packages supplied by AMI at a cost of $407,610 and agreed to supply mounting and integration of the AMI systems.

All equipment was installed in January 2013. Almost immediately, the AMI Hot Wire package experienced electrical fault problems that caused Holtec to suffer months of manufacturing delays. By 2015, Holtec had completed welding for only 20 of the 330 canisters it had contracted to supply the Chernobyl nuclear facility. During this period, AMI attempted repairs and after each repair, AMI assured Holtec that all faults were cured. Holtec alleges that with each repair, AMI issued a new warranty as reflected in invoices that include as a "comment" the term "**WARRANTY**". Pandjiris agreed that AMI's equipment failed to perform but refused to refund the purchase price charged to Holtec for AMI's Hot Wire products. In July 2015, AMI conceded that it could not identify or fix the underlying defects. In September 2015, AMI informed Holtec that the equipment was no longer under warranty and Holtec would be required to pay for any future repairs to the equipment.

In January 2016, Holtec demanded a refund for the AMI-supplied equipment, and replaced the AMI components with equipment from a different manufacturer. The new manufacturer installed the replacement parts and Holtec commenced welding operations within 11 days.

Holtec filed this action on January 20, 2017 in the United States District Court for the District of New Jersey against Pandjiris, AMI, and John Does 1-10. The Complaint alleged claims for breach of contract, third party beneficiary claims, and violations of the Uniform Commercial Code. The John Doe Defendants were broadly defined as,

a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiff hereunder.

ECF No. 1 ¶ 5. The initial Complaint also set forth specific factual allegations as to AMI employees "John Doe, Doug Lay," "John Doe, Steve Kaiser," but did not name either Lay or Kaiser as defendants. Id. ¶¶ 16, 17.

On April 4, 2017, the district court transferred this case to the United States District Court for the Western District of Pennsylvania. ECF No. 22. Thereafter, Holtec filed an Amended Complaint asserting breach of contract and U.C.C. claims against Pandjiris, AMI, and John Does 1-10, and again did not name Lay or Kaiser as defendants. ECF No. 51. Pandjiris filed a Motion to Dismiss or in the Alternative Motion to Stay based upon the terms of arbitration agreement between Holtec and Pandjiris. ECF No. 52. AMI moved to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. ECF No. 55. On November 3, 2017, the Court granted Pandjiris's Motion to Dismiss and/or Stay and referred all claims between Holtec and Pandjiris to arbitration. ECF No. 58. AMI's Motion to Dismiss was denied without prejudice to be refiled once the stay of this action was lifted. Id.

On July 26, 2019, Holtec filed a Motion to Lift Stay because arbitration proceedings against Pandjiris were complete. ECF No. 70. AMI opposed the motion on the grounds of collateral estoppel and contended that the arbitration award resolved all claims against it arising out of allegedly defective materials or workmanship. ECF Nos. 72 and 81. Upon review, the Court granted Holtec's Motion to Lift the Stay, and Holtec was granted leave to file its Second Amended Complaint. ECF Nos. 82, 94.

Holtec filed its Second Amended Complaint ("SAC") on November 6, 2019, and added negligence and malpractice claims solely against AMI.  While the SAC again named John Does 1-10, Holtec did not allege any direct claims against these Defendants and did not correct the identity of the John Does to add individuals known to it, including Lay and Kaiser.  ECF No. 95 ¶¶ 4, 61-64; and see ECF No. 92 ("The proposed SAC conforms the allegations to the record, and includes additional claims for negligence, professional malpractice, and simple negligence against AMI.").[1]

On November 20, 2019, AMI timely filed its Motion to Dismiss or in the Alternative, Motion for Summary Judgment, ECF No. 102.  Thereafter, the parties requested and were granted a stay for purposes of mediation.  ECF Nos. 125, 127, 128. Mediation was unsuccessful, and the stay was lifted on July 1, 2020.  ECF Nos. 133, 134.  AMI renewed its Motion to Dismiss or in the Alternative Motion for Summary Judgment and the parties filed supplemental briefs analyzing the conflict of law as each challenged claim.  ECF No. 136, 138, 139.

Despite the inordinate passage of time since the initial filing of this action, the First Amended Complaint *and* the Second Amended Complaint, Holtec now seeks to amend its complaint a third time to assert negligence and professional malpractice claims against newly named Defendants "*individually*, as well as in their official capacity as officers, agents, servants, workmen, or employees of, [AMI]." (emphasis added).  ECF No. 140-1 ¶ 4.  AMI opposes amendment, as unduly delayed and futile.  ECF No. 147.

---

[1] On December 16, 2019, Holtec filed a "Certificate of Merit Pursuant to Pa. R.C.P. 1042.3(A)(1) as to Defendant, Arc Machines, Inc."  ECF No. 112.

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 governs amendment of pleadings generally. Fed. R. Civ. P. 15. The United States Court of Appeals for the Third Circuit has explained that the inquiry is distinctly different under Rule 15(a) than it is under Rule 15(c). Arthur v. Maersk, Inc., 434 F.3d 196, 202–03 (3d Cir. 2006).

Rule 15(a) applies to motions for leave to amend. "The Federal Rules of Civil Procedure express a preference for liberally granting leave to amend." Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). A motion for leave to amend a complaint should be granted "whenever justice so requires." Fed. R. Civ. P. 15(a); Arthur, 434 F.3d at 202–03. In determining whether "justice so requires," courts consider undue delay, bad faith, prejudice to the opposing party, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962). Delay alone is not sufficient to warrant denial of leave to amend. Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). However, when delay becomes "undue," it forms an adequate basis, on its own, for denial of a motion to amend. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." Id. Thus, an undue delay analysis requires courts to focus on "the movant's reasons for not amending sooner." Id. (quoting Cureton v. Nat'l Collegiate Athl. Ass'n, 252 F.3d 267, 273 (3d Cir. 2001)). A proposed amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

Rule 15(c) addresses the issue of whether a proposed amended complaint "relates back" to the filing of the original complaint. Under Rule 15(c)(1)(B), an amendment to a pleading relates

back to the date of the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." Glover v. FDIC, 698 F.3d 139, 145 (3d Cir. 2012).

The United States Court of Appeals for the Third Circuit has made clear that "only where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed." Id. at 146. However, amendments "that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." Id. When a plaintiff's original complaint does not provide a defendant "'fair notice of what the plaintiff's [amended] claim is and the grounds upon which it rests,' the purpose of the statute of limitations has not been satisfied and it is 'not an original pleading that [can] be rehabilitated by invoking Rule 15(c).'" Id. (quoting Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984)).

## III.    DISCUSSION

By any measure, Holtec's proposed amendment adds new and unanticipated claims against the individual defendants beyond the applicable statute of limitations and is otherwise futile.

Because a futile amendment should not be granted regardless of timeliness, the Court turns first to AMI's contention that the proposed claims are precluded by applicable Pennsylvania law. AMI argues that the proposed amendment to add negligence and malpractice claims against the individual defendants runs afoul of the economic loss and gist of the action doctrines. ECF No. 147 at 5-6.  Holtec has previously addressed these arguments, contending that it is free to present alternative theories of recovery and is not otherwise precluded from recovery.  ECF Nos. 106, 118.

As a threshold matter, this Court must determine which states' laws apply to Holtec's claims to determine whether the economic loss and gist of the action doctrines bar its claims. Holtec International is a New Jersey corporation, Holtec Manufacturing Division has its principal place of business in Pennsylvania, AMI is a California corporation, and each of the proposed individual defendants is identified by Holtec with AMI's California corporate address.

A federal court exercising diversity jurisdiction must apply the choice of law rules employed by the state in which it sits.  See, Employers Ins. Co. v. Glob. Reinsurance Corp. of Am., 693 F.3d 417, 432 (3d Cir. 2012) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). In Pennsylvania, the choice of law rules direct that the court must first determine whether a "true conflict" exists between the relevant laws of Pennsylvania and the other states with an arguable interest in the litigation. Hanreck v. Winnebago Indus., Inc., 2019 WL 1383509, at *3 (M.D. Pa. Mar. 27, 2019). If the jurisdictions' laws are the same, there is no conflict, and the court's choice of law inquiry ends. Hammersmith v. TIG Ins. Co., 480 F.3d 220, 230 (3d Cir. 2007). If relevant differences exist between the laws, the court must then determine if the conflict is a "true" conflict. Id. A "true" conflict exists only if the involved "jurisdictions' interests would be impaired by the application of the other's laws." Id. If a true conflict exists, the court must "determine[] which state has the greater interest in the application of its law" by using "a combination of the approaches of both [the] Restatement II [of Conflict of Laws] (contacts establishing significant relationships) and 'interests analysis' (qualitative appraisal of the relevant States' policies with respect to the controversy)."  Hammersmith, 480 F.3d at 231 (internal quotations omitted).

Pennsylvania choice of law principles also recognize that "different state laws may apply to different issues within a case." Hanreck, 2019 WL 1383509, at *3 (citing Berg Chilling Sys.,

Inc. v. Hull, 435 F.3d 455, 462 (3d Cir. 2006)); Georgine v. Amchem Prods., Inc., 83 F.3d 610,

627 (3d Cir. 1996) (the court "must apply an individualized choice of law analysis to each [of]

plaintiff's claims").

   In this case, the parties agree that the law of the three identified states is the same with

respect to the required elements of a negligence claim.  ECF Nos. 138 and 139.  Holtec does not

address whether variations exist in the law governing application of the economic loss doctrine,

but AMI represents that all three jurisdictions have adopted the doctrine and preclude tort claims

alleging purely economic damages. ECF No. 138 at 12.  Further, New Jersey and California follow

the general rule, adopted and known in Pennsylvania as the "gist of the action" doctrine, that a

party may not pursue a tort claim that is duplicative of its breach of contract claim.  Id. at 13.

   Upon review, the Court agrees that Pennsylvania, like New Jersey and California, applies

the economic loss doctrine and the related gist of the action to preclude recovery for alleged

negligence when (1) the injuries are solely economic and (2) "the tortious actions can be traced

directly back to rights and duties set forth in the contract."[2, 3]  Reginella Const. Co. v. Travelers

Cas. & Sur. Co. of Am., 949 F. Supp. 2d 599, 615 (W.D. Pa. 2013); see also, KBZ Commc'ns Inc.

v. CBE Techs. LLC, 634 F. App'x 908, 910–11 (3d Cir. 2015) (citing Bruno v. Erie Ins. Co., 106

---

[2] "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party
owes an independent duty imposed by law." Ayala v. Assured Lending Corp., 804 F. Supp. 2d 273, 284 (D.N.J.
2011) (quoting Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 788 A.2d 268, 278 (2002)).  Thus, New Jersey courts
apply the gist of the action doctrine to preclude recovery in tort for contract-based claims.  Udodi v. Stern, 438 F.
Supp. 3d 293, 300 (E.D. Pa. 2020).

[3] California similarly precludes recovery in tort for damages resulting from breach of contract.  UMG Recordings,
Inc. v. Glob. Eagle Entm't, Inc., 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) (citing JMP Securities LLP v. Altair
Nanotechnologies Inc., 880 F.Supp.2d 1029, 1042 (N.D.Cal.2012) ("The economic loss rule [states] that no tort
cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the
expectations of the parties to an agreement" (internal quotation marks omitted)); North American Chemical Co. v.
Superior Court, 59 Cal.App.4th 764, 774, 69 Cal.Rptr.2d 466 (1997) ("the general rule [is] that where the
'negligent' performance of a contract amounts to nothing more than a failure to perform the express terms of the
contract, the claim is one for contract breach, not negligence")).

A.3d 48, 68 (Pa. 2014) ("If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.") (internal citation omitted).

In the absence of a conflict, the Court refers to Pennsylvania law, Hammersmith v. TIG Ins. Co., 480 F.3d at 230, and concludes that the proposed professional negligence claim against each individual defendant "is merely a re-casted contract claim" subject to dismissal as a matter of law.  Reginella, 949 F. Supp. 2d at 615.

Holtec states that amendment is required to assert individual professional negligence claim against the newly named defendants, each of whom Holtec believes is a licensed engineer. However, in the proposed Third Amended Complaint, Holtec alleges that only AMI breached the required standard of care by failing to properly install the equipment, failing to properly ground the equipment, failing to honor warranties, and failing to diagnose and cure the electrical problems suffered as a result of the improper installation.  ECF No. 140-1 at 18.  To the extent these obligations extend to the individual defendants, each arises out of the underlying agreement incorporating AMI's welding system, *and,* according to Holtec, "*contracts and express warranties between AMI and Holtec directly.*"  ECF No. 106 at 10 (emphasis added); and see, ECF 140-1 ¶¶ 34-35 ("For the next two (2) years, AMI continually attempted repairs and assured Plaintiff the problems with the machines were fixed. During this time, AMI sent invoices directly to Holtec, which included warranties … The warranties included replacement of the AMI 415 power

supplies. Id. These invoices were paid by Holtec …. Also, for example, on or about August 12, 2013, Defendant, John Doe, Steve Kaiser of AMI referred to Holtec as one of its 'customers.' This is additional evidence that AMI always intended to benefit Holtec through its contract with Pandjiris.").  As alleged by Holtec, it is both a third-party beneficiary of the AMI-Pandjiris contract and the holder of separate warranties issued to it directly by AMI.   Any performance and repair obligations therefore arise pursuant to these agreements and no independent duty is implicated. Under these circumstances, the gist of the action doctrine applies and bars the proposed professional negligence claims.

The futility of Holtec's tort claims is unaffected by separately pursuing professional negligence claims against individual AMI employees.

> The aggrieved contracting party cannot "detach" employees from their status as agents of the other contracting party by holding them liable in tort for their company's contractual breach. Id. Pennsylvania courts have repeatedly held that employees receive coextensive protection from the gist of the action doctrine. See Atchison Casting Corp. v. Deloitte & Touche, LLP, No. 003193 July Term 2002, 2003 WL 1847665, at *3 (Pa. Com. Pl. March 14, 2003); Flynn Co. v. Peerless Door & Glass, Inc., No. 0830 Nov. Term 2001, 2002 WL 1018937, at *3 (Pa. Com. Pl. May 15, 2002); Flynn Co. v. Cytometrics, Inc., No. 2102 June Term 2000, 2000 WL 33711055, at *4 (Pa. Com. Pl. Nov. 17, 2000).

KBZ Commc'ns Inc. v. CBE Techs. LLC, 634 F. App'x at 911–12.    Thus, to the extent that Holtec is precluded from pursuing negligence claims against AMI, it is also precluded from pursuing these claims against AMI's employees, who are entitled to the protection of the gist of the action doctrine.

Holtec also contends that it may proceed under alternative theories of recovery.  ECF No. 106 at 12; ECF No. 108.  It is true that "many courts have been reluctant to apply the gist of the action doctrine to dismiss tort claims where the existence of the contract is still in question." DePuy Synthes Sales, Inc. v. Globus Med., Inc., 259 F. Supp. 3d 225, 237 (E.D. Pa. 2017) (citing Toledo

Mack Sales & Servs., Inc. v. Mack Trucks, Inc., 530 F.3d 204, 229 n.18 (3d Cir. 2008); M.H. Rydek Elecs., LLC v. Zober Indus., Inc., No. 07-3885, 2007 WL 3407130, at *2 (E.D. Pa. Nov. 15, 2007); DeAngelo Bros., Inc. v. Long, No 05-0800, 2005 WL 1309037, at *4 (M.D. Pa. June 1, 2005)).  However, in this instance, the Court finds that at this stage of the litigation, Holtec has adequately alleged a plausible third-party beneficiary breach of contract claim against AMI under Pennsylvania, New Jersey, and California law.  See, e.g., Am. Stores Properties, Inc. v. Spotts, Stevens & McCoy, Inc., 651 F. Supp. 2d 349, 352–53 (E.D. Pa. 2009) (quoting Scarpitti v. Weborg, 530 Pa. 366, 609 A.2d 147 (1992)("[A] party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and [either] the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."); IMS Health Info. Sols. USA v. Lempernesse, No. CV 15-7561, 2016 WL 236214, at *7 (D.N.J. Jan. 19, 2016) ("the Restatement (Second) of Contracts § 302, which has been cited approvingly by the New Jersey Supreme Court, see Broadway Maintenance, 90 N.J. at 259, provides that a non-signatory is an intended beneficiary where, inter alia, 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promise performed'").  Accordingly, given Holtec's pleading of its claims (including its negligence claim) as entirely derivative of warranty and contract, the Court finds that the proposed individual professional negligence claims are barred by the gist of the action doctrine.

Separately, Holtec's claims are barred by the economic loss doctrine.  "'The economic loss doctrine provides that 'no cause of action exists for negligence that results solely in economic

damages unaccompanied by physical injury or property damage.' Economic loss has been defined as 'damage for inadequate value, costs of repair and replacement of defective product, consequential loss of property, without any claim of personal injury or damage to other property.'" Am. Stores Properties, Inc. v. Spotts, Stevens & McCoy, Inc., 678 F. Supp. 2d 228, 333 (E.D. Pa. 2009) (internal citations omitted).

The economic loss doctrine bars claims for negligence despite the absence of privity of contract and in this case bars Holtec's professional negligence against the individual defendants. Id. at 333-334.

The pleadings to date and the proposed Third Amended Complaint confirm and plead that Holtec's claims arise out of the delivery, installation, and failure to repair the AMI welding package that resulted solely in "economic loss" for repair costs, replacement of AMI's product and ongoing delays in Holtec's performance of the Chernobyl contract.  ECF No. 95 ¶ 95; ECF No. 140-1¶¶ 50, 64.  Thus, as alleged by Holtec, it suffered no separate property damage or personal injury, and the economic loss doctrine bars its proposed professional negligence claims.[4]

## IV.    CONCLUSION

For the foregoing reasons, Holtec's Motion for Leave to File Plaintiffs' Third Amended Complaint, ECF No. 140, is DENIED.  An appropriate Order will be entered.


Dated: August 7, 2020                    BY THE COURT:

                                         */s/ Maureen P. Kelly*
                                         MAUREEN P. KELLY
                                         UNITED STATES MAGISTRATE JUDGE

---

[4] In light of the Court's findings with regard to the gist of the action and economic loss doctrines, the Court declines to separately examine the statute of limitations as a bar to Holtec's proposed claims or AMI's alternate argument that Holtec's proposed Third Amended Complaint fails to allege facts sufficient to state a negligence claim against the individual defendants.  ECF No. 147 at 3-5 and 6-8.

cc:    All counsel of record via CM/ECF