## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLTEC INTERNATIONAL and HOLTEC MANUFACTURING DIVISION, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 17-397<br>Magistrate Judge Maureen P. Kelly |
| v. | ) ) ) | Re: ECF No. 150 |
| ARC MACHINES, INC., and JOHN DOES 1-10, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

Plaintiffs Holtec International and Holtec Manufacturing Division, Inc. (collectively, "Holtec") move for reconsideration of this Court's Order denying Holtec leave to file a third amended complaint. ECF No. 150. Holtec seeks to add negligence and professional negligence claims against individuals believed to be professional engineers employed by Defendant ARC Machines, Inc. ("AMI"). The Court denied leave to amend after concluding that the negligence claims Holtec belatedly seeks to add are barred by the gist of the action and economic loss doctrines.[1] ECF No. 148. Holtec argues that this was error because, among other reasons, the

---

[1] As explained in Slippery Rock Area Sch. Dist. v. Tremco, Inc., No. CV 15-1020, 2016 WL 3198122, at *13 (W.D. Pa. June 9, 2016):

> the economic loss doctrine provided that no cause of action could be maintained in tort for negligence or strict liability where the only injury was "economic loss"—that is, loss that is neither physical injury nor damage to tangible property. See, e.g., Aikens v. Baltimore & Ohio R.R. Co., 348 Pa. Super. 17, 501 A.2d 277, 279 (1985); see also J.G. Kassab v. Central Soya, 432 Pa. 217, 246 A.2d 848, 854 n. 7 (1968), overruled on other grounds, AM/PM Franchise Ass'n v. Atlantic Richfield Co., 526 Pa. 110, 584 A.2d 915 (1990). The quintessential economic loss was lost profits. When a product purchased by a commercial entity failed to perform, that entity's business could be disrupted, resulting in loss of customers, sales, and profits. The economic loss doctrine precluded recovery in tort from the product's manufacturer for these purely economic damages.

proposed claims fall within a narrow exception to the economic loss doctrine recognized by the

Pennsylvania Supreme Court for negligence committed by individuals "in the business of

supplying information, such as an architect or design professional." <u>Bilt-Rite Contractors v. The</u>

<u>Architectural Studio</u>, 866 A.2d 270, 297 (Pa. 2005). Because the proposed defendants are believed

to be professional engineers, Holtec contends that any representations or errors made by them are

not precluded under Pennsylvania law.

As summarized by the District Court in <u>Reinig v. RBS Citizens, N.A.</u>, 386 F. Supp. 3d 602,

607 (W.D. Pa. 2019):

> "Generally, a Motion for Reconsideration will only be granted on one of the
> following three grounds: (1) if there has been an intervening change in controlling
> law; (2) if new evidence, which was not previously available, has become available;
> or, (3) if it is necessary to correct a clear error of law or to prevent manifest
> injustice. <u>See</u> <u>Howard Hess Dental</u>, 602 F.3d at 251 (citing <u>Max's Seafood Café ex</u>
> <u>rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)). However,
> because Defendant's Motion relates to an interlocutory order, the reconsideration
> standard applies more flexibly than it would to a judgment. <u>Qazizadeh v. Pinnacle</u>
> <u>Health Sys.</u>, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016).
>
> A court may not grant a Motion for Reconsideration when the motion simply
> restyles or rehashes issues previously presented. <u>Pahler v. City of Wilkes-Barre</u>,
> 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001); <u>see also</u> <u>Carroll v. Manning</u>, 414 F.
> App'x. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration
> and 'petition' in support thereof that appears to merely reiterate the allegations
> made in the ... petition and does not set forth any basis justifying reconsideration");
> <u>Grigorian v. Attorney General of U.S.</u>, 282 F. App'x. 180, 182 (3d Cir. 2008)
> (affirming denial of motion to reconsider because it "does nothing more than
> reiterate the arguments underlying [the] motion to reinstate the appeal"). "[A]
> motion for reconsideration addresses only factual and legal matters that the Court
> may have overlooked.... It is improper on a motion for reconsideration to ask the
> Court to rethink what [it] had already thought through -- rightly or wrongly."
> <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa.
> 1993) (citations and internal quotation marks omitted).

---

In this case, Holtec's alleged damages are the loss of the benefit of its bargain for the equipment purchased from
AMI, costs incurred in repairing and eventually replacing the equipment, and lost profits resulting from the failure to
the equipment to function after installation. ECF Nos. 95, 140.

Holtec fails to assert grounds for reconsideration that the Court has not previously considered and found wanting and therefore reconsideration is properly denied.

"Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend. Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. The standard for assessing futility is the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (internal quotation marks & citation omitted).

Holtec argues that its claims are not futile because the amended complaint alleges professional negligence stemming from misinformation concerning repairs provided by licensed engineers in the course of their employment with AMI. ECF No. 150 at 4 ("Plaintiff has alleged negligent misrepresentations by AMI's engineers … for example, that in May 2014 AMI sent a service report, which incorrectly stated: '… the grounding on both M415n systems were snug and properly in place.'"). Yet, as alleged in the Second Amended Complaint and the proposed Third Amended Complaint, AMI is a manufacturer of welding and power supply equipment and Holtec's wholly economic losses arise out of the sale, installation and repair of that allegedly defective equipment. ECF Nos. 95, 140. Whether AMI's engineers provided information (or misinformation) incidental to the sale and attempted repair of equipment does not alter the fundamental nature of the nature of AMI's business permit a plausible inference that Holtec purchased engineering services as opposed to an AMI-manufactured product.

In Elliot-Lewis Corp. v. Skanska USA Building, Inc., No. 14-3865, 2015 WL 4545362 (E.D. Pa. July 28, 2015), the District Court held that despite errors communicated by a manufacturer's employees after troubleshooting an HVAC system, the economic loss doctrine barred negligence claims because "[t]he sale of a product is fundamentally different than the sale

of information, even if the seller provides information about the product to consummate the sale."

Holtec's proposed amended complaint similarly runs afoul of Pennsylvania's narrowly tailored

exception for individuals in the business of selling advice or expertise and, therefore, is futile. See

also, Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 178 (3d Cir. 2008); Slippery

Rock Area Sch. Dist. v. Tremco, Inc., No. 15-1020, 2016 WL 3198122 *13-17 (W.D. Pa. June 9,

2016).  Because reconsideration is unwarranted on the grounds asserted and, on the merits, fails to

direct a different result, leave to amend to allege a futile claim was properly denied.

Accordingly, this 4th day of September 2020, IT IS HEREBY ORDERED that the Motion

for Reconsideration filed on behalf of Holtec International and Holtec Manufacturing Division,

Inc. is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk

of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF

4