IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLTEC INTERNATIONAL and HOLTEC MANUFACTURING DIVISION, INC., | ) ) ) |
| Plaintiffs, | ) Civil Action No. 17-397 ) Magistrate Judge Maureen P. Kelly ) |
| v. | ) Re: ECF Nos. 169, 174 and 176 ) |
| ARC MACHINES, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is a Motion to Compel, ECF No. 169, filed on behalf of Defendant ARC Machines, Inc. ("AMI"). AMI seeks an order requiring Plaintiffs Holtec International and Holtec Manufacturing Division, Inc. (collectively, "Holtec") to produce the pleadings and briefs filed in arbitration proceedings between Holtec and Pandjiris, Inc., ("Pandjiris"). The arbitration resolved Holtec's claims against Pandjiris relative to allegedly faulty equipment manufactured and installed by AMI pursuant to a sales contract with Pandjiris. Holtec opposes the Motion to Compel on relevance and prejudice grounds and separately, through a Motion to Quash, ECF Nos. 174 and 176, seeks an order precluding AMI's access to the documents through a subpoena issued by AMI to Pandjiris.

Upon review of the motions and briefs in support and in opposition to the pending Motion to Compel, ECF Nos. 173, 174, and 176, and for the following reasons, the Motion to Compel is granted and the Motion to Quash is denied.[1]

---

[1] The relevant facts and procedural history of this matter are set forth at length in the Court's Opinion resolving the AMI's Motion to Dismiss or in the alternative Motion for Summary Judgment. ECF No. 155. Accordingly, the Court now writes for the benefit of the parties, who are familiar with the factual and procedural background, as well as the record evidence.

1

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party who has received evasive or incomplete discovery responses may seek a Court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

Rulings on the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

**II.   DISCUSSION**

AMI's defense to Holtec's claims rests in large part upon the arbitration award entered in favor of Pandjiris. AMI asserts that the Pandjiris arbitration panel determined that production delays suffered by Holtec did not result from a defect in equipment provided by Pandjiris, including the AMI equipment. Thus, AMI argues that collateral estoppel bars Holtec's attempted relitigation of equipment-related issues previously decided against it. ECF No. 102 at 18-21; ECF No. 169 at 2.

This Court resolved AMI's pre-discovery Motion for Summary Judgment on collateral estoppel grounds as follows:

> Under Pennsylvania law, collateral estoppel bars a party from litigating an issue if these four elements are satisfied: (1) the issue decided in a prior action is identical to the one presented in the later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action or was in privity to the prior action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. Rue v. K–Mart Corp., 552 Pa. 13, 713 A.2d 82, 84 (1998). As the party seeking to effect an estoppel, AMI "has the burden of demonstrating the propriety of its application." Suppan v. Dadonna, 203 F.3d 228, 233 (3d Cir. 2000).
>
> AMI's burden begins with demonstrating the identity of issues in the arbitration. Whether the same issues are involved is established "by showing that the same general rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules." McKenna v. Metro. Life Ins. Co., 126 F. App'x 571, 576 (3d Cir. 2005) (quoting Suppan, 203 F.3d at 233). AMI contends that the issues are identical, despite Holtec's assertion of direct equitable, contract, breach of warranty and negligence claims against AMI for AMI's alleged repeated failure to repair the equipment. On this basis alone, estoppel is inappropriate given that the arbitrators' ruling is limited to Holtec's claims against Pandjiris for its supply of allegedly defective equipment. See Raytech Corp. v. White, 54 F.3d 187, 193 (3d Cir. 1995) ("even if all four requirements of collateral estoppel are met, changes in "controlling" facts, that is, facts "essential to a judgment" will render collateral estoppel inapplicable in a subsequent action raising the same issues").
>
> AMI's burden to establish that collateral estoppel bars this action becomes insurmountable for the fourth factor – whether Holtec was provided a full and fair opportunity to litigate the issues at bar. AMI does not challenge Holtec's contention

> that the arbitrators precluded discovery directed at AMI employees and excluded testimony from AMI employees regarding repeated failed attempts to repair the power supply equipment. If true, it cannot be said that Holtec had a full and fair opportunity to litigate its claims.
>
> AMI cites Witkowski v. Welch, 173 F.3d 192 (3d Cir. 1999) to support the application of estoppel even when a plaintiff contests the scope of prior arbitration. ECF No. 104 at 20. In Witkowski, however, the court was presented with a full transcript of arbitration proceedings to permit it to assess the issues litigated and the evidentiary rulings that allegedly impeded presentation of plaintiff's claims. Id. at 203-04. Here, the Court lacks the arbitration record and is unable to determine whether Holtec was precluded from a full and fair opportunity to litigate its third-party and direct claims against AMI. Under these circumstances, AMI has not met its burden to establish as a matter of law that collateral estoppel applies to foreclose litigation of Holtec's claims. Accordingly, AMI's Motion for Summary Judgment raising collateral estoppel as a complete defense is denied.

Holtec Int'l v. ARC Machines, Inc., 492 F. Supp. 3d 430, 439–40 (W.D. Pa. 2020).

Through the Motion to Compel, AMI now seeks information related to the scope of arbitration proceedings to meet its burden to establish the applicability of collateral estoppel. The arbitration pleadings and briefs may (or may not) reveal the similarity of issues and whether (or not) Holtec had a full and fair opportunity to litigate its claims arising out of AMI's installation of the subject equipment.

Holtec opposes the Motion to Compel and seeks to quash a separate subpoena issued to Pandjiris based on what it asserts was the limited scope of claims resolved in arbitration — whether Pandjiris was liable to Holtec for supplying defective equipment. ECF No. 174. AMI is entitled to prove otherwise and, pursuant to Rule 26(b)(1), may pursue discovery of evidence relevant to its position that issues related to the quality of its equipment and installation have been fully and finally determined against Holtec.

Holtec separately objects based on the inadmissibility of legal briefs as evidence at any trial of this matter because of potential prejudice and juror confusion arising from "characterizations and conclusions that are based on an incomplete record." ECF No. 174 at 5.

4

Discovery under Rule 26 is not so limited. Rather, "'[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.' Fed. R. Civ. P. 26(b)(1). '[T]herefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted." Santos v. Vallante, No. 1:14-CV-842, 2014 WL 5474131, at *2 (M.D. Pa. Oct. 28, 2014). Here, the requested evidence may provide the Court with the information necessary to determine an issue of law regarding the applicability of collateral estoppel to Holtec's claims. Any potential prejudice presented by such evidence in a jury trial may be resolved at the appropriate time through a motion in limine.

Accordingly, this 25th day of May 2021, IT IS HEREBY ORDERED, that the Motion to Compel, ECF No. 169, filed on behalf of Defendant ARC Machines, Inc., is GRANTED.

IT IS FURTHER ORDERED that the Motion to Quash, ECF No. 176, filed on behalf of Plaintiffs Holtec International and Holtec Manufacturing Division, Inc. is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF